[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Hollis Wilson, Sr. brought a Habeas Corpus Petition to this court on September 27, 1993. The petitioner filed, an amended petition on March 14, 1994. The plaintiff was arrested' on October 28, 1991. He was found guilty on October 28, 1992 by a jury after trial for the crimes of Sexual Assault in the First Degree and Burglary in the Second Degree. He was sentenced on December 11, 1992 to twenty years on the Sexual Assault offense and five years on the Burglary offense to run consecutively for a total effective sentence of twenty-five years to serve in jail.
The jury that convicted the petitioner was composed of six female jurors including a juror who was a teacher at a school where and when the petitioner and victim attended years before.
The petitioner alleges that his Attorney Miles Gerety rendered ineffective assistance of counsel to him for two reasons: firstly he selected an all female jury when he knew the petitioner wanted at least one half of the jury to be male; and secondly that his attorney made him testify during the trial when he did not want to. The petitioner's defense was that the victim consented to sexual relations with him.
The petitioner's trial counsel testified during the trial that in selecting the jury two panels were voir dired. In these two panels were six prospective male jurors. It was testified to that the court excused four of the male jurors for cause, three of them having previously had a connection with a rape case. One of the male jurors was excused by the defense because defense counsel thought he would have been a nightmare for the petitioner as he was an agent for John Hancock Insurance Company. The sixth male juror was excused by the State because he had in the past been falsely accused of rape.
The petitioners defense counsel testified that he did not remember the jury make up to be a big issue until the petitioner was convicted. The defense attorney testified that on the morning CT Page 12937 that the jury selection began the petitioner informed him that he preferred men on the jury. Attorney Gerety stated his job was to pick a jury which had no bias and was most likely not to convict the petitioner. The defense counsel testified that he consults with his clients (petitioner) during jury selection but that he (defense attorney) makes the final selection of whether to choose or decline a particular juror. He stated he would assent to a client's wishes to excuse a juror if he himself was uneasy about a juror but that he would not excuse a juror just because a client, in this case the petitioner, wanted that particular juror excused.
The petitioner called Attorney Joseph Keefe of Torrington, Connecticut as a witness. The court found Attorney Keefe to be an expert about the subject matter on which he testified. He testified that he agreed that a male on trial for rape should have a female jury. He further stated that there is a new theory on this point that now holds that it is better not to have female jurors on a sexual assault case from a male defendant's viewpoint because of the times and the influence of the woman's movement. However he did not ascribe to that theory in general. Attorney Keefe testified that the failure to consult and follow a client's wishes in jury selection goes beyond trial strategy and tactics and is a deviation as to the standard of care that an attorney should exercise when selecting a jury. Attorney Keefe testified that when he picks a jury he discusses each juror with his client and the client has the final say as to whether a juror is selected or not for the jury. If the client does not follow his advice on a particular juror then he puts a statement on the record to that effect. He stated if a client wants to commit legal suicide that is his business. He also stated that the petitioner's defense counsel should have asked the court to add males to the jury panels. Attorney Keefe did testify that he could not say that the result of the trial would have been different with male jurors.
The second allegation that the petitioner alleges concerns the fact that he testified. He stated he did not want to testify because the victim consented to the sexual relations with him, and after hearing the witnesses the petitioner felt there was no evidence of rape. When the court questioned the petitioner about this he stated that the victim's testimony to the jury that she was raped by the defendant was not evidence, it is testimony. The petitioner stated that he testified in his trial against his will and because his attorney made him.
The defense counsel testified that he did not know how to CT Page 12938 present a defense of consensual sex without the petitioner testifying. He stated the defendant always claimed that victim consented to have sex with him. Attorney Keefe also testified that an attorney is absolutely correct to have his client testify in a sexual assault case when the defense is consent.
As to the petitioner's allegation that a teacher at his former school should not have been selected as a juror the court finds that he did not sustain his burden of proof on this allegation.
 "Our Supreme Court has adopted the two-pronged analysis of Strickland v. Washington, . . . to determine if counsel's assistance was ineffective. . . . Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice."
. . .
 "`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' (Citations omitted; internal quotation marks omitted.)"
 "`To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of the fair trial, a trial whose result is reliable. . . . The petitioner CT Page 12939 must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (Citations omitted; internal quotation marks Johnson v. Commission of Correction, 36 Conn. App. 695, (1995).
After hearing the evidence this court finds that the petitioner failed to sustain his burden of proving that his counsel's representation of him was deficient and that as a result he was prejudiced. This court cannot find from the evidence that had the petitioner had the final say in the selection of his jury and that at least some male jurors were seated the outcome of the trial would have been different. Further this court cannot find under the facts of this case that the petitioner's attorney's representation of him was ineffective because he had the petitioner testify at trial. Therefore for all the aforementioned reasons the court denies the petitioner's Habeas Corpus petition.
William J. Sullivan, Judge